**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW ROBERT YOUNG,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>MAX WILLIAMS, Dir. of Corrections; et al.,<br><br>        Respondents - Appellees. | No. 08-35431<br><br>D.C. No. 3:06-cv-01511-ST<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

    Matthew Robert Young, an Oregon state prisoner, appeals pro se from the

district court's orders denying Young's motions under Federal Rule of Civil

Procedure 60(b) for relief from the judgment dismissing his 42 U.S.C. § 1983

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action.  We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion, *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008), and we affirm.

The district court did not abuse its discretion in denying Young's Rule 60(b) motions.  Contrary to Young's contention, the district court had jurisdiction over this matter under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A district judge may designate a magistrate judge to hear and determine certain non-dispositive pretrial matters, and to conduct hearings and submit to the district court findings of fact and recommendations on other matters.  *See* 28 U.S.C. § 636(b)(1).  Although a magistrate judge may, upon the consent of all parties, exercise jurisdiction over all proceedings in a civil matter, *see id.* at § 636(c), here, the parties had not consented.  Therefore, jurisdiction over the case remained with the district judge, and the magistrate judge did not have the authority to decide the dispositive motions filed by Young or to enter an order dismissing the case.  *See id.* § 636(b), (c).

Young's remaining contentions are not persuasive.

**AFFIRMED.**